NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    04 CR 661 |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| SAMI KHOSHABA LATCHIN | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, respectfully submits the attached proposed jury

instructions.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY:    _____

JAMES M. CONWAY
VICTORIA PETERS
Assistant U. S. Attorneys
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION N0. 1

Seventh Circuit Committee (1998) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

GOVERNMENT INSTRUCTION N0. 2

Seventh Circuit Committee (1998) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things: the witness's intelligence; the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

**You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.**

GOVERNMENT INSTRUCTION NO. 3

Seventh Circuit Committee (1998) 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION N0. 4

Seventh Circuit Committee (1998) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee (1998) 1.05

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced by any such outside considerations.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee (1998) 1.06

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Committee (1998) 1.07

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged with the following offenses:

Making false statements in connection with his naturalization application;

Conspiring to act in the United States as an unregistered agent of a foreign government;

Acting in the United States as an unregistered agent of a foreign government;

Making false statements to an agent of the Federal Bureau of Investigation; and

Engaging in a prohibited financial transaction with the Government of Iraq.

The defendant has pleaded not guilty to the charges.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee (1998) 2.01

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that defendant is guilty as charged. The government has the burden of proving the guilt of defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee (1998) 2.03

**The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.**

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Committee (1998) 3.01

You have heard testimony from witnesses who:

(a)  received benefits from the government in connection with this case; and/or

(b)  stated that he was involved in the commission of an offense or offenses as charged against the defendant.

You may give their testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

GOVERNMENT INSTRUCTION NO.  11

Seventh Circuit Committee (1998) 3.13 (modified)

Certain summaries are in evidence. They truly and accurately summarize the contents of voluminous books, records or documents, and should be considered together with and in the same way as all other evidence in the case.

GOVERNMENT NO. 12

Seventh Circuit Committee (1998) 3.15

In Count One of the indictment, the defendant is charged with procuring naturalization as a United States citizen by knowingly and wilfully making false statements during an interview in a proceeding before the Immigration and Naturalization Service.

To sustain the charge of making false statements , the government must prove the following propositions:

First, that the defendant, while under oath, testified falsely before an officer of the Immigration and Naturalization Service as charged in the indictment;

Second, that the defendant's testimony related to some material matter; and

Third, that the defendant knew the testimony was false.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

Seventh Circuit Committee (1998)2.01, 18 U.S.C. § 1425 (modified)

A statement is material if it had the effect of impeding, interfering with or influencing the Immigration and Naturalization Service in the matter is was considering, or had the potential or capability of doing so.  It is not necessary that the statement actually have that effect, so long as it had the potential or capability of doing so.

GOVERNMENT'S PROPOSED INSTRUCTION NO.  14

Seventh Circuit Committee (1998) p.  245

In Count Two of the indictment, the defendant is charged with conspiracy to act as an agent of the government of Iraq without prior notification to the Attorney General.

In order to establish the offense of conspiracy, the government must prove these elements beyond a reasonable doubt:

First, the alleged conspiracy existed, and

Second, that an overt act was committed in furtherance of the conspiracy, and

Third, that the defendant knowingly and intentionally became a member of the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of those propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.


A conspiracy is a combination of two or more persons to accomplish an unlawful purpose. A conspiracy may be established even if its purpose was not accomplished.

In determining whether the alleged conspiracy existed, you may consider the actions and statements of all the alleged participants. The agreement may be inferred from all the circumstances and the conduct of all the alleged participants.

A conspiracy is not proved unless the evidence establishes that at least one overt act was committed by at least one conspirator to further the purpose of the conspiracy. It is not necessary that all the overt acts charged in the indictment be proved, and the overt act proved may itself be a lawful act.

In determining whether the defendant became a member of the conspiracy you may consider only the acts and statements of the defendant.

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which the purpose was to be accomplished. The government must prove beyond a reasonable doubt, from the defendant's own acts and statements, that he was aware of the common purpose and was a willing participant.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

Seventh Circuit Committee (1998) 5.08 (modified)

In Count Three of the indictment, the defendant is charged with violating Title 18, United States Code, Section 951, which makes it a crime for a person knowingly to act in the United States as an agent of a foreign government without prior notification to the Attorney General.

In order to establish a violation of Count Three, the government must prove the following propositions:

First: that the defendant acted in the United States as an agent of a foreign government, in this case, the government of Iraq;

Second: that the defendant failed to notify the Attorney General of the United States that he would be acting in the United States as an agent of Iraq prior to so acting;

Third: that the defendant acted knowingly, and knew that he had not provided prior notification to the Attorney General; and

Fourth: that the defendant acted, at least in part, as an agent for Iraq in the Northern District of Illinois.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of those propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

Seventh Circuit Committee (1998) 2.01, 18 U.S.C . § 951 (modified)

The notification required under the statute requiring foreign agents to notify the Attorney General prior to acting in the United States shall be effective only if it is made by the agent in the form of a letter, telex, or facsimile addressed to the Attorney General prior to the agent commencing the services in the United States on behalf of the foreign government.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

*United States v. Dumeisi,* 424 F.3d 566 (7th Cir. 2005)

You will note that Count Three of the Indictment charges the defendant with being an agent of a foreign government during a certain time period.  In order to convict the defendant of that offense, you do not need to find that the defendant was an agent during the entire time period specified in the indictment.  You need only find that the government has proven all the elements of the offense beyond a reasonable doubt as to some time period after December 1, 1999, with all jurors agreeing on at least one time within that period.  If all jurors agree that it has been shown beyond a reasonable doubt that the defendant was an agent of Iraq at any time within that period, and the government has proven beyond a reasonable doubt all other elements of the offense as set forth in these instructions, then you must find the defendant guilty of Count Three of the Indictment.

GOVERNMENT'S PROPOSED INSTRUCTION NO.  18

*United States v.  Dumeisi*

In Count Four of the indictment, the defendant is charged with making a false statement to a federal agent.  To sustain the charge of making a false or fictitious statement or representation, the government must prove the following propositions:

First, the defendant made a false, fictitious or fraudulent statement or representation;

Second, the statement or representation was material;

Third, the statement or representation was made knowingly and willfully; and,

Fourth, the statement or representation was made in a matter within the jurisdiction of a federal department or agency.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO.  19

Seventh Circuit Committee (1998) 18 U.S.C. § 1001(modified)

A statement is false or fictitious if untrue when made and then known to be untrue by the person making it.

A statement or representation is fraudulent if known to be untrue, and made with intent to deceive.

GOVERNMENT INSTRUCTION NO. 20

Seventh Circuit Committee (1998) pp. 242-243

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

GOVERNMENT INSTRUCTION NO. 21

Seventh Circuit Committee (1998) 4.06

An act is done willfully if done voluntarily and intentionally, and with the intent to do something the law forbids.

GOVERNMENT INSTRUCTION NO. 22

Seventh Circuit Committee (1998) pp. 246

The Federal Bureau of Investigation is a part of the executive branch of the government of the United States, and statements, representations and  facts concerning unregistered agents of foreign governments acting within the United States are within the jurisdiction of that branch.

GOVERNMENT INSTRUCTION NO.  23

Seventh Circuit Committee (1998) p.  247

A statement is material if it had the effect of influencing the action of the Federal Bureau of Investigation, or was capable of or had the potential to do so. It is not necessary that the statement actually have that influence or be relied on by the Federal Bureau of Investigation, so long as it had the potential or capability to do so.

GOVERNMENT INSTRUCTION NO. 24

Seventh Circuit Committee (1998) p. 245

In Count Five of the indictment, the defendant is charged with violating Title 50, United States Code, Sections 1702 and 1705(b), which make it a crime for a person to engage in particular transactions with the Government of Iraq.

In order to establish a violation of Count Five, the government must prove the following propositions:

First, that the defendant knowingly and wilfully engaged or attempted to engage in the financial transaction with the Government of Iraq as described in Count Five of the indictment;

Second, that the defendant was a United States person;

Third, that the defendant had not obtained a license from the Office of Foreign Asset control permitting the financial transaction; and

Fourth, that the defendant knew his conduct was illegal.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of those propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT'S PROPOSED INSTRUCTION NO.  25

Seventh Circuit Committee (1998) 2.01, 18 U.S.C.  § 50 U.S.C. 1702, 1705(b); 31 Code of Federal Regulations, Parts 575.201,575.206,575.211, and 575.408(c)(2) (modified).

While the government must show that the defendant knew his conduct was illegal for the defendant to be found guilty of Count Five, it is not necessary for the government to prove that the defendant read, was aware of, or had consulted the relevant Iraqi Transaction Regulations, including the licensing requirements in those regulations.  The government, however, must prove beyond a reasonable doubt that the defendant knew his conduct was unlawful.  At all times relevant to this case, it was unlawful to engage in a financial transaction with the Government of Iraq, without prior approval in the form of a license issued by the Office of Foreign Assets Control in the Department of the Treasury.

GOVERNMENT INSTRUCTION NO.  26

*United States v. Quinn*, Appeal held in abeyance (475 F.3d 1289 (D.C.Cir.  January 26, 2007).

Instruction  on wilfulness found in appellate brief at 2006 WL 2967808, pp.  50-52.

The indictment charges that offenses were committed "on or about" certain dates. The government must prove that each offense happened reasonably close to that date but is not required to prove that the alleged offense happened on that exact date.

GOVERNMENT INSTRUCTION NO. 27

Seventh Circuit Committee (1998) 4.04

Any person who knowingly aids, counsels, commands, induces or procures the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

If a defendant knowingly caused the acts of another, the defendant is responsible for those acts as though he personally committed them.

GOVERNMENT INSTRUCTION NO. 28

Seventh Circuit Committee (1998) 5.06 (modified)

Upon retiring to the jury room, select one of your number as your foreperson.  The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO.  29

Seventh Circuit Committee (1998) 7.01 (modified)

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count.  Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

GOVERNMENT INSTRUCTION NO.  30

Seventh Circuit Committee (1998) 7.03

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

GOVERNMENT INSTRUCTION NO. 31

Seventh Circuit Committee (1998) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 32

Seventh Circuit Committee (1998) 7.06

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO.  33

*United States v. Demerjian*, 98 CR 789 (Zagel, J.)

*United States v. Dawson,* et al., No. 92 CR 1084 (Kocoras, J.)

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. A form of verdict has been prepared for you. [Form of verdict read.] Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 34

Seventh Circuit Committee (1998) 7.01

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

GOVERNMENT INSTRUCTION NO. 35

Seventh Circuit Committee (1998) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

All twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO.  36

Seventh Circuit Committee (1998) 7.06

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA      )
             )
       vs.             )     No.    04 CR 661
             )
SAMI KHOSHABA LATCHIN     )     Judge Pallmeyer

## V E R D I C T

     We, the jury, find the defendant, Sami Khoshaba Latchin,  NOT GUILTY as charged in the Indictment.


_____     _____

     FOREPERSON
_____

_____

_____

_____

_____

_____
                                                     DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA       )
                                )
          vs.                    )     No.     04 CR 661
                                )
SAMI KHOSHABA LATCHIN       )     Judge Pallmeyer

<u>V E R D I C T</u>

        We, the jury, find the defendant, Sami Khoshaba Latchin, GUILTY as charged in the Indictment.

_____     _____
      FOREPERSON

_____

_____

_____

_____

_____

_____
                                                      DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No.    04 CR 661 |
| | ) | |
| SAMI KHOSHABA LATCHIN | ) | Judge Pallmeyer |

## V E R D I C T

We, the jury, find the defendant, Sami Khoshaba Latchin, GUILTY as charged in

Count(s)_____ of the Indictment and NOT GUILTY as Charged in

Count(s)_____ of the Indictment.


_____          _____
      FOREPERSON
_____


_____


_____


_____


_____


_____
                                                    DATE